# EXHIBIT B

# Complaint to Trans Union, LLC

Ralph O Duncan
5730 N FIRST STREET 105-208
FRESNO, CA 93710
ralphduncan01@yahoo.com

F I L E D
OCT 1 4 2016
SUPERIOR COURT
COUNTY OF FRESNO
BY _____

**Superior Court of California
County Fresno**

| | |
|---|---|
| Ralph O Duncan | 16 CE CG 03312 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| VS. | |
| EQUIFAX INC., EXPERIAN INFORMATION SOLUTIONS, INC TRANS UNION, | |
| Defendants | |

**I
PRELIMINARY STATEMENT**

1   TransUnion is a Delaware corporation with its principal place of business in Chicago, Illinois. The company is providing credit information and risk management services to businesses and consumers. EXPERIAN INFORMATION SOLUTIONS, INC. is an Ohio corporation with its principal place of business in COSTA MESA California, providing credit information and risk management services to businesses and consumers. EQUIFAX INC. is a GEORGIA corporation with its principal place of business in

- 1 -
COMPLAINT

Atlanta Georgia, providing credit information and risk management services to businesses and consumers.

## II
## JURISDICTION AND VENUE

2   The County Superior Court has Jurisdiction over this matter because the relief requested includes a permanent injunction and the monetary relief demanded more than $25,000. Plaintiffs residence in Fresno County is controlling as the Venue.

## III
## PARTIES

3   The Plaintiff, Ralph O Duncan is and at times mentioned herein, are resident of Fresno County, California, and over twenty-one years of age. Plaintiff is informed and believes and thereon alleges that defendants are corporations and do business under these names. Plaintiff is ignorant of the true names and capacities of defendants sued here, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and Capacities when ascertained. Each Doe Defendant is responsible for the Plaintiff's damage, and worked at the direction, and/or with ratification of defendants Trans Union, EXPERIAN INFORMATION SOLUTIONS, INC. , EQUIFAX Inc.

## IV
## PRELIMINARY STATEMENT

4   On or about August 2016 Plaintiff discovered that Defendants are reporting a collection accounts that should not be reported. On or about August 2016 contacted all three Credit Borough Disputing the accounts that do not belong to him. All three Credit Boroughs filed a dispute with Defendant and received a response that the account belongs to Plaintiff. All three credit Borough directed Plaintiff to contact Defendant and a file a dispute with it. Defendant claim that it conduct an investigation and verified that the account belong to

Plaintiff. Defendants never shared the result of the investigation how it came to that conclusion. Defendants never requested information or shared any information. Plaintiff called defendants several time inquiring about the account how and when these account were established.

## V
## LEGAL ARGUMENT

5. The law is very clear that when furnisher of information receives a dispute from the CRA it must investigate. UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT LINDA JOHNSON v. MBNA AMERICA BANK, NA, Defendant Appellant, No. 03-1235, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION 99 F. Supp. 2d 918, *; 2000 U.S. Dist. LEXIS 8018, ** SCOTT DORNHECKER, JOSE SANCHEZ, and CAROLYN JOHNSON, Plaintiffs, v. AMERITECH CORPORATION, Defendant. No. 00 C 26

6. The civil liability sections, 15 U.S.C. § 1681n and 1681o, explicitly provide a private right of action for consumers wishing to enforce any provision of the Fair Credit Reporting Act against "any person" who either "willfully fails to comply" or is "negligent in failing to comply." Absent any explicit limitation, the plain language of 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b) and (c) provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for violations of § 1681s-2(a) is that they are preserved in § 1681s-2(b). Accordingly, the plain language of the Fair Credit Reporting Act compels the conclusion that there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information.

7. TOBY D. NELSON, Plaintiff-Appellant, v. CHASE MANHATTAN MORTGAGE CORP., Defendant-Appellee. No. 00-15946 United States Court of Appeals for the Ninth Circuit D.C. No. CV-99-00290-JBR (RLH) the amendment of §§ 1681n & o effected in 1996. Before amendment, § 1681n & o provided for suit against a CRA or against a user

of credit information, but not against a furnisher. When the statute was amended, "any person" was made open to suit. See Pub.L. 104-208 at § 2412; 110 Stat. 3009 at § 2412 (1996) ("section 616 of the [FCRA] . . . is amended by striking ' any consumer reporting agency or user of information which' and inserting ' (a) IN GENERAL, any person who' "). As counsel for the FTC observed, there are involved in any credit transaction only the consumer, the CRAs, the user of the credit reports and the furnishers of the credit information. As consumers would not be made subject to suit by consumers, and as CRAs and users were already suable, whom else except furnishers could Congress have had in mind when it introduced "any person" into the statute? Where, other than under § 1681s-2(b) would furnishers be suable by consumers.

8. In Dornhecker v. Ameritech Corporation, [FN1] the court held that the FCRA provides individual consumers with a private right of action against a furnisher of credit information for failing to properly comply with its investigative duties once it has received notice of a dispute from a credit reporting agency. Three plaintiffs, who were consumers as defined by the FCRA, alleged that Ameritech opened phone service accounts on behalf of third persons who fraudulently used plaintiffs' names and other identifying information, and thus allowed debt to be falsely incurred in their names. Plaintiffs alleged that because Ameritech failed to appropriately screen account applicants, it opened accounts on behalf of third persons who used plaintiffs' personal identifiers to receive services from Ameritech. Plaintiffs never received these services. Ameritech eventually enlisted the aid of collection agencies and reported the bad debt to credit reporting agencies. Ameritech requested dismissal of plaintiffs' FCRA claims, saying that there was no private right of action under the section of the FCRA requiring furnishers of information to investigate disputed credit information. Analyzing the case under the four-factor test set forth by the Supreme Court in Court v. Ash [FN2] for determining whether a private remedy is implicit in a statute not expressly providing for one, the court held that individual consumers do have a private right of action against a furnisher of information under the FCRA. [FN3

## VI
## CAUSE OF ACTION

### COUNT ONE
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

9. The plaintiff's alleges that Defendants are negligent of non-compliance with the FCRA. Section 1691o(a). Defendants who are negligent in failing to comply with the requirement imposed under this subchapter with respect to the plaintiff are liable to that consumer for damages and costs. Plaintiff suffered due to that negligent and noncompliance by failing to investigate the dispute.

10. Three new decisions – Gorman v. Wolpolf & Abramson, LLP (9th Cir. 2009) ___ F.3d ___, 2009 WL 3365928; Sanai v. Saltz (2009) 170 Cal.App.4th 746; and Liceaga v. Debt Recovery Systems, Inc. (2008) 169 Cal.App.4th 901 (ordered depublished April 29, 2009) – have changed, clarified, or muddied (depending on your point of view) the legal landscape in California as to the legal obligations of so-called "furnishers" who furnish credit-related information concerning consumers to credit reporting agencies. These cases address the obligations of furnishers under federal and state law to supply accurate information, as well as a furnisher's obligation to "reinvestigate" a consumer's dispute. These cases also indicate that, for the time being at least, a heretofore unrecognized private right of action exists under Civil Code § 1785.25(g) and § 1785.31 for failure to accurately report credit information in violation of § 1785.25(a). An understanding of the relevant history is important before one can properly evaluate the current state of the law and the Gorman and Sanai decisions.

11. The 1996 Amendments to the FCRA Impose Duties On Furnishers And Give Consumers A Limited Right To Sue. In the Fall of 1996, Congress passed the Consumer Credit Reporting Reform Act of 1996. Public Law No. 104-208, 110 Stat. 3009 (September 30, 1996). For the first time, legal duties were directly imposed on entities that furnished information, or were otherwise acting as the sources of information to CRA's. This, of course, included collection agencies.

12  Two categories of obligations were imposed upon those who furnish information to consumer reporting agencies, and these obligations were placed in two separate sections of the FCRA at 15 U.S.C. § 1681s-2(a) and § 1681s-2(b).

13  The 15 U.S.C. § 1681s-2(a) Obligations to Report Accurately And To Flag Disputes First, the FCRA at subsection 1681s-2(a) prohibits furnishers from reporting "inaccurate" information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history. FCRA, 15 U.S.C. §§ 1681s-2(a)(1)-(3); see also Gorman, supra, ___ F.3d ___, 2009 WL 3365928 at *3-*4 (amended 10/21/09 opinion).

14  Significantly, no private right of action or enforcement was included within the FCRA for any violation of the subsection 1691s-2(a) obligations. Gorman, supra, 2009 WL 3365928 at *4 and fn. 9; Nelson v. Chase Manhattan Mortgage Corp. (9th Cir. 2002) 282 F.3d 1057, 1060. The Ninth Circuit explained: "Congress did not want furnishers of credit exposed to suit by any and every consumer dissatisfied with the credit information furnished." Consequently, the duties imposed under section 1681s-2(a) of the FCRA are enforceable only by federal or state government agencies. 15 U.S.C. § 1691s-2(d); Gorman, supra, 2009 WL 3335928 at *4; Nelson, supra, 282 F.3d at 1059-1060. As we shall see, this refusal to impose a remedy for violation of a § 1681s-2(a) obligation is relevant to any interpretation of the analogous duties found in California's own version of the FCRA at Civil Code § 1785.25(a).

15  Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2); Gorman, supra, 2009 W.L. 3365928 at *4. After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit

information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

(1) to conduct "an investigation" with respect to the disputed information;

(2) to "review all relevant information" provided by the credit reporting agency;

(3) to "report the results of its investigation" back to the credit reporting agency;

(4) if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and

(5) to "modify,...delete...or...permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1); Gorman, supra, 2009 WL 3365928 at *4.

The § 1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a furnisher's duty to reinvestigate under § 1681s-2(b). See, e.g., Nelson, supra, 282 F.3d at 1059-60. The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. Plaintiff Disputed the information with the Credit Boroughs. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation under the FCRA to the furnisher. Nelson, supra. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under § 1692g of the FDCPA however.

16  THEREFORE Plaintiff request judgment against Defendants for damages of $1,000 plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

17  Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff consumer report. By failing to do so the plaintiff consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living was suffered and endure unnecessary hardship.

## COUNT TWO
## LOSS OF OPORTUNITY

18   Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of information in the plaintiff consumer report. By failing to do so the plaintiff consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living was suffered and endure unnecessary hardship As a result of the defendants' conduct, actions, and inaction, the plaintiff who in fact had an impeccable credit history, was unable to purchase and finance an Auto Vehicle. The defendants' conduct, actions and inactions were willful, rendering the defendant's liable for punitive damages in an amount to be determined by the court pursuant to 15 USC 1681s-2 If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer. Defendant reporting information without notice that such information is disputed.

19   THEREFORE Plaintiff request judgment against Defendants for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

## COUNT THREE
## DEFAMATION

20   Defendants negative reporting to the credit reporting agencies, the fact that Plaintiff was severely delinquent in paying on his account and had an outstanding balance. The defendants published this information in writing in their reports and the public. Defendants knew the statements were false when made or had no factual basis for making the statements. The written publications by Defendants constitute libel per se. As a direct and proximate result of the defendants' defamation, the Plaintiff have suffered extreme mental anguish, a loss of reputation, and a loss of ability to establish credit account. The

defendants' acts were malicious, willful, and wanton and to the total disregard of Plaintiff's just rights.

21  Despite the language in § 1681t(b)(1)(F), § 1681h(e) permits recovery for state law defamation. Section 1681h(e) provides that: no consumer may bring any action. . . in the nature of defamation. . . with respect to the reporting of any information against any CRA, any user of information, or any furnisher, based on information disclosed pursuant to 1681g, 1681h, or 1681m of this title or based on information disclosed by a user of consumer report to or for a consumer against whom the user has taken adverse action based in whole or in part on the report, except as to false information furnished with malice or willful intent to injure such consumer. Plaintiff alleged that Defendant had intentionally reported false information to the CRAs his allegations satisfied the malice or willful intent provision in § 1681h(e).

22  THEREFORE Plaintiff request judgment against Defendants for compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

## COUNT FOUR
## NEGLIGENCE

23  Civil liability for negligent noncompliance negligent and willful failure to reinvestigate the disputed entries in violation of sections 611(a), 616, and 617 of the FCRA, 15 U.S.C. §§ 1681i(a), 1681n, 1681o" In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. Defendants had a duty of reasonable care not to injure the Plaintiff, privacy, general reputation, or credit reputation. The defendants have negligently violated their duty of reasonable care to Plaintiff by continuing to report accounts as severely delinquent. As a direct and proximate result of the defendants' negligence, the Plaintiff

has suffered extreme mental anguish, a loss of reputation, and a loss of ability to obtain credit.

24. Section 1681s-2(b) requires a furnisher of credit information, on receiving notice from a CRA that a consumer has disputed a debt, to investigate the dispute and to report the results of the investigation to the CRA. Plaintiff disputed the account with the CRAs. The complaint was filed after Plaintiff disputing the account with the CRAs. Perhaps the most onerous duty imposed by FCRA on furnishers of credit information is the duty to investigate credit information disputed by a consumer. As a threshold matter, it is important to note that, under FCRA, a credit information furnisher's duties to investigate essentially arise twice—where a consumer disputes the accuracy of credit information directly with the furnisher, and where a consumer disputes such information with a credit agency.

25. Under § 1681s-2(b) furnishers must conduct an investigation into any disputed information brought to its attention pursuant to a notice from a CRA. As mentioned, the primary feature of this provision is the furnisher's susceptibility to consumer lawsuits for non-compliance When consumers dispute credit information, the more typical process is to do so through a CRA—in no small part because FCRA provisions relating to direct consumer complaints only became effective on July 1, 2010. A consumer provides notice to a CRA of a dispute, and the CRA, in turn, notifies each relevant information furnisher.31 After receiving such notice, the information furnisher is required to conduct an investigation, review all the relevant information submitted by the CRA, and report the results of the investigation to the CRA.32 Credit information that is inaccurate, or whose accuracy cannot be determined, must be modified or blocked from further reporting as appropriate,33 and in such cases the furnisher must relay its findings to all CRAs to which it reports

26. THEREFORE, Plaintiff has suffered economic and psychological damages as a result of the negligence of Defendants and are entitled to reimbursement and compensation for his injuries.

27 WHEREFORE, Plaintiff request judgment against Defendants for economic and psychological damages as well as compensatory damages plus costs and fees and respectfully ask this Court for leave to move for punitive damages.

Plaintiff request a jury trial.

DATED: October 14, 2016

Ralph O Duncan
In Pro Per