**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RALPH O. DUNCAN,**<br>**Plaintiff,**<br>**v.**<br>**EQUIFAX, INC., et al.,**<br>**Defendants.** | **CASE NO. 1:16-CV-1633 AWI EPG**<br><br>**ORDER DISMISSING TRANS UNION WITH PREJUDICE**<br><br>**(Doc. No. 9)** |

On November 15, 2016, Plaintiff and Defendant Trans Union filed a stipulated dismissal with prejudice Trans Union only. See Doc. No. 9. Although Defendant Equifax had filed an answer, Equifax did not sign the stipulation. To date, no other defendant has responded or objected to the November 15 stipulation.

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer, but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal of an "action" must be effected through Federal Rule of Civil Procedure 41(a)(2). See Fed. R. Civ. Pro. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999); Warren v. Green Tree Servicing LLC, 2015 U.S. Dist. LEXIS 22665, *1-*2 (D. Colo. Feb. 24, 2015); Rachel v. City of Mobile, 2015 U.S. Dist. LEXIS 11582, *2-*3 (S.D. Ala. Feb. 2, 2015); Local 2-1971 of PACE Intl. Union v. Cooper, 364 F.Supp.2d 546, 551 (W.D. N.C. 2005); Sullivan b. Bankhead Enterprises, Inc., 108 F.R.D. 378,

382 (D. Mass. 1985). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

Here, because not all of the answering defendants signed the stipulation, the Court will view the stipulation as a motion under Rule 41(a)(2). So viewing the stipulation, this case is in the early stages of litigation. No other defendant has objected or responded to the stipulated dismissal of Trans Union. Given the time that has now passed, the stipulation is unopposed, and there is no reason apparent to deny dismissal. See Fed. R. Civ. Pro. 41(a)(2); Smith, 263 F.3d at 975.

Accordingly, IT IS HEREBY ORDERED that, pursuant to Rule 41(a)(2), Defendant Trans Union is DISMISSED from this action with prejudice.

IT IS SO ORDERED.

Dated: November 29, 2016

SENIOR DISTRICT JUDGE

Second, Plaintiff does not move pursuant to an applicable rule of civil procedure, yet, the Court will construe this as being a Motion for Voluntary Dismissal, pursuant to Federal Rule of Civil Procedure 41(a). Plaintiff, in this document, has not actually "moved" for anything — which leads the Court to assume he is acting in accordance with Rule 41(a)(1), which provides, "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in

the action." Because defendant Madigan has already filed his Answer (Doc. 59), and this document regarding his voluntary dismissal was not signed by all the parties, Plaintiff cannot dismiss him without a court [*3] order stating allowing it.

Therefore, the Court will construe this as a Motion to Voluntarily Dismiss defendant Madigan without prejudice, made pursuant to Rule 41(a)(2), which allows a court to consider whether it is proper to order a party dismissed, upon the plaintiff's motion. It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177 (7th Cir. 1994); Tyco Laboratories, Inc. v. Koppers Co., Inc., 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. Tyco Laboratories, 627 F.2d at 56.

Duckworth v. Madigan, 2007 U.S. Dist. LEXIS 100804, 2-3 (S.D. Ill. Mar. 30, 2007)

Plaintiff has filed a pleading titled "Dismissal Without Prejudice as to Defendant H.P. Products Corporation " (Doc. 74). Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure [*2] , an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.FED. R. CIV. P. 41(a)(1).

Defendant H.P. Products Corporation filed an answer to Plaintiff's complaint on May 20, 2005 (see Doc. 25), and the instant pleading is not signed by all parties. Thus, the Court construes the instant pleading as a motion for voluntary dismissal of Defendant H.P. Products Corporation pursuant to Federal Rule of Civil Procedure 41(a)(2). No response to the motion has been filed.

Accordingly, the Court GRANTS Plaintiff's motion to dismiss (Doc. 74), and DISMISSES Defendant H.P. Products Corporation without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

Whiteside v. Johnsondiversey, Inc., 2006 U.S. Dist. LEXIS 26198, 1-2 (S.D. Ill. May 4, 2006)

The Court first turns to plaintiff's claims against Bank of America. Despite Rule 41(a)(1)'s reference to the dismissal of an "action," the weight of authority permits a dismissal of all claims pursuant to Rule 41(a)(1)(A) against fewer than all defendants. See Montoya v. FedEx Ground Package System, Inc., 614 F.3d 145, 148 (5th Cir. 2010); Blaize-Sampeur v. McDowell, 2007 U.S. Dist. LEXIS 47408, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (noting that, although the Second Circuit had previously stated otherwise, it had "since adopted the approach of the majority of courts in other circuits — that is, that Rule 41(a) does not require dismissal of the [*2] action in its entirety" and permits dismissal of all claims as to a single defendant). However, the stipulation was not signed "by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii); see Anderson-Tully Co. v. Federal Ins. Co., 347 F. App'x 171, 176 (6th Cir. 2009) (under Fed. R. Civ. P. 41(a)(1)(A)(ii), "all parties who have appeared" includes both current and former parties). As a result, the stipulation, by itself, does not serve to dismiss this action as to Bank of America. The Court, however, having reviewed the stipulation, finds that dismissal is appropriate pursuant

to Fed. R. Civ. P. 41(a)(2). Although the dismissal of an action under Rule 41(a)(2) is ordinarily without prejudice, plaintiff and Bank of America have agreed to the dismissal of this action as to Bank of America with prejudice. Thus, the Court will dismiss this action as to Bank of America with prejudice.

Warren v. Green Tree Servicing LLC, 2015 U.S. Dist. LEXIS 22665, 1-2 (D. Colo. Feb. 24, 2015)

The plaintiff and defendant Michael Williams have also filed a stipulation, pursuant to which the action against [*3] Chief Williams would be dismissed with prejudice. (Doc. 105). The stipulation invokes Rule 41(a)(1)(A)(ii). Because the stipulation is not "signed by all parties who have appeared," id., it is ineffective as a stipulation. However, the Court construes the stipulation as a motion to dismiss Chief Williams pursuant to Rule 41(a)(2). The defendants are ordered to file and serve any objection to the motion to dismiss Chief Williams on or before February 9, 2015.

Rachel v. City of Mobile, 2015 U.S. Dist. LEXIS 11582, 2-3 (S.D. Ala. Feb. 2, 2015)