1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RALPH O. DUNCAN,** | **CASE NO. 1:16-CV-1633  AWI EPG** |
| **Plaintiff,** | |
| **v.** | **AMENDED ORDER DISMISSING TRANS UNION WITH PREJUDICE AND STRIKING PRIOR ORDER** |
| **EQUIFAX, INC., et al.,** | |
| **Defendants.** | **(Doc. Nos. 9, 12)** |

This order amends and replaces the Court's dismissal order of November 11, 2016.  Doc. No. 12.

On November 15, 2016, Plaintiff and Defendant Trans Union filed a stipulated dismissal with prejudice Trans Union only.  See Doc. No. 9.  Although Defendant Equifax had filed an answer, Equifax did not sign the stipulation.  To date, no other defendant has responded or objected to the November 15 stipulation.

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants."  Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008).  Where a defendant has served an answer, but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal of an "action" must be effected through Federal Rule of Civil Procedure 41(a)(2).  See Fed. R. Civ. Pro. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999); Warren v. Green Tree Servicing LLC, 2015 U.S. Dist. LEXIS 22665, *1-*2 (D. Colo. Feb. 24, 2015); Rachel v. City of Mobile, 2015 U.S. Dist.

1  LEXIS 11582, *2-*3 (S.D. Ala. Feb. 2, 2015); Local 2-1971 of PACE Intl. Union v. Cooper, 364

2  F.Supp.2d 546, 551 (W.D. N.C. 2005); Sullivan b. Bankhead Enterprises, Inc., 108 F.R.D. 378,

3  382 (D. Mass. 1985).  Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule

4  41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that

5  the court considers proper."  Fed. R. Civ. Pro. 41(a)(2).  "A district court should grant a motion for

6  voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain

7  legal prejudice as a result."  Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

8      Here, because not all of the answering defendants signed the stipulation, the Court will

9  view the stipulation as a motion under Rule 41(a)(2).  So viewing the stipulation, this case is in the

10 early stages of litigation.  No other defendant has objected or responded to the stipulated dismissal

11 of Trans Union.  Given the time that has now passed, the stipulation is unopposed, and there is no

12 reason apparent to deny dismissal.  See Fed. R. Civ. Pro. 41(a)(2); Smith, 263 F.3d at 975.

14      Accordingly, IT IS HEREBY ORDERED that:

15  1. Pursuant to Rule 41(a)(2), Defendant Trans Union is DISMISSED from this action with

16     prejudice; and

17  2. Document No. 12 in the Court's docket, the prior order dismissing Trans Union, is

18     STRICKEN.

IT IS SO ORDERED.

Dated:   November 30, 2016     _____
                                SENIOR  DISTRICT  JUDGE

2