1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

RALPH O. DUNCAN; and YOLANDA Y.
DUNCAN,

12

Plaintiffs,

13

v.

14

EQUIFAX INC., *et al.*,

15

Defendants.

16

**Case No.  1:16-cv-01633-AWI-EPG**

**FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF
PLAINTIFFS' CASE FOR FAILURE TO
PROSECUTE**

17        On October 28, 2016, Defendant Trans Union LLC removed this case from Fresno County

18   Superior Court.  (ECF No. 1.)  The case was later consolidated with a case filed by Plaintiff

19   Yolanda Y. Duncan. (ECF No. 17.) The Court set an initial scheduling conference in the case for

20   January 30, 2017.  (ECF No. 16.)  The parties were instructed that attendance at the scheduling

21   conference was mandatory.  Plaintiffs Ralph Duncan and Yolanda Duncan were provided

22   instructions on how to attend the scheduling conference.  (ECF No. 16.)  Plaintiffs also reviewed

23   and approved the parties' joint scheduling report, which denotes the time and date of the

24   scheduling conference on its front page, before it was filed. (ECF No. 18.)

25        Plaintiffs did not appear at the scheduling conference. The Court issued an Order to Show

26   Cause why sanctions should not issue. (ECF No. 20.) Plaintiffs were also warned that a failure to

27   respond to the Order to Show Cause could lead to the dismissal of their case. Plaintiffs did not

28   respond to the Order to Show Cause.

1

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

To determine whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because the case has been pending since October 14, 2016, the date it was filed in Fresno County Superior Court. Following the settlement and dismissal of a single defendant, however, Plaintiffs have shown no interest in participating in the litigation any further. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. The Court's Order to Show Cause clearly

1    stated that the case would be dismissed if Plaintiffs failed to respond to the Order to Show Cause.

2    (ECF No. 20.) Moreover, there are few sanctions that could compel Plaintiffs to prosecute an

3    action that they are simply uninterested in pursuing, particular at this early stage of litigation.

4         Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for

5    Plaintiffs' failure to prosecute the action, to appear, and comply with the Court's order of January

6    30, 2017.

7         These findings and recommendations will be submitted to the United States District Judge

8    assigned to this case pursuant to the provisions of Title 28 of the United States Code section

9    636(b)(1). Within **fourteen (14)** days after being served with these findings and

10   recommendations, the parties may file written objections with the Court. The document should be

11   captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are

12   advised that failure to file objections within the specified time may waive the right to appeal the

13   District Court's order. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015).

14

15   IT IS SO ORDERED.

16   Dated:   __**March 6, 2017**__                    /s/ _Erica P. Grosjean_

17                                                     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28